

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. Pat Edwards
Civil District Attorney
Dallas County
Records Building
Dallas, Texas

Dear Sir:

Opinion No. 0-6977

Re: What are the correct fees
or court costs to charge
in suits filed in the
county court by the City
of Dallas for personal
taxes?

Your request for our opinion on the above question
reads as follows:

"We are in receipt of a letter from our
County Clerk, Mr. Ed. H. Steger, which letter
is as follows:

"'I will thank you to advise me the correct
fees or court costs to charge in suits filed
in the County Court by the City of Dallas for
'Personal Taxes'.

"'There are several suits now pending in the
County Courts and I am informed by the Legal
Department of the City of Dallas that they
will file a good many more.'

"As the question involved depends upon the
construction of our Statutes relating to fees
of office and costs to be charged under what
our office deems a 'Special Statute', and the
construction of our general law in regard to
fees to be charged by the County Clerk, and our
office has been unable to find any decision con-
struing such Statutes, we respectfully submit to

Hon. H. Pat Edwards, page 2

your office our version of the law pertaining to said question, and at the same time seek advice from your office as to the correctness of our conclusion.

"We have summed up the law and find that Chapter 10, R. S., dealing with delinquent taxes, regulates the procedure and fees in land tax suits only, and give our reasons as follows:

"1. Article 7319 defines real property.

"2. Every article in this chapter, when speaking of property specifically says: 'Lands or lots, tracts, real estate, etc.', and in no instance is personal property mentioned.

"3. Article 7326 deals with suits to foreclose liens; there being no lien on personal property until levy is made by sheriff or constable; a suit on personal property taxes is a suit in personam, while a suit on real property is in rem as well as personam.

"4. Article 7332 sets out the fee allowed the district attorney, the sheriff or constable, the district clerk and the county clerk (it will be noted that the county clerk has certain duties to perform in regard to the collection by suit of real property taxes), leaving out any officer of inferior courts which have jurisdiction of practically all personal property tax suits.

"When we take into consideration that Article 7297 specifically deals with suits instituted for the recovery of all money due the state and county as taxes due and unpaid on personal property, together with the fact that Chapter 10 with the Articles quoted above, it is clear that the Legislature did not intend for Chapter 10 and the Articles set out thereunder to govern suits on personal property.

"Then again we find that Article 7333, which deals with fees taxed as costs speaks only as costs against the land to be sold under judgment for taxes

Hon. H. Pat Edwards,  page 3

and paid out of the proceeds of the sales after the taxes, penalty and interest due thereon are paid, and in no case shall the state and county be liable therefor.

"Therefore, we have reached the conclusion that the constable or sheriff, county clerk or any inferior court that has jurisdiction over the amount involved in civil suits for personal judgment to recover taxes on personal property are regulated by the general Fee Statutes, which are set out and enumerated in Chapter 2, Title 61, R. C. S., and embraces Article 3913 through 3946.

"This being a novel question, not having been decided by our courts, we feel that it is our duty to call upon your office for your opinion as to the correctness of our conclusion."

There are no special statutes fixing the fees to be taxed as court costs in favor of the various officers performing services in suits filed by a city in the county court, or other courts having jurisdiction of the amounts involved where such suits are for the collection of "personal taxes", or taxes on personal property. Therefore, it is our opinion that the conclusions stated by you in your request are correct and that such fees are governed by the general fee statutes.

APPROVED DEC 14, 1945

*[signature]*

ATTORNEY GENERAL OF TEXAS

JWB:LJ

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY *[signature]* Jas. W. Bassett
Jas. W. Bassett
Assistant

APPROVED
OPINION
COMMITTEE
BY _____ J
CHAIRMAN